[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs bring this action for injunctive relief and quiet title to a right-of way. They seek to have the defendants enjoined from blocking a right-of-way to which they claim a right to pass across property owned by the defendants.
The court heard testimony and reviewed evidence of maps and deeds in making its determination.
Plaintiffs' Exhibit No. 1 is the North Stonington Tax Assessment map. The North Stonington tax assessor testified that the aerial photograph marked as plaintiffs' Exhibit No. 1 was taken in 1960.[1] The assessor also testified that the assessor's tax card for the Schroeders' property reflects the existence of a right-of-way.
Property Owner fromTax Assessment Map Lot No. Property Address
Murray, James and Silvia 3 and 8.02 294B Cossaduck Hill Road
Schroeder, David and Sandra 8.01 294A Cossaduck Hill Road
Mazerolle, Jack 14 294D Cossaduck Hill Road
Poulos and Waters 8 296 Cossaduck Hill Road
Johnson, Eleanor 7 216 Cossaduck Hill Road
Patricia Wawrzynowicz from Independent Title, who has performed thousands of title searches, reviewed the status of the titles for James and Sylvia Murray (Parcel 3 and Parcel 8.02), the Schroeders' (Parcel 8.01), Jack Mazerolle (Parcel 14) and the adjoining parcel Poulos (Lot 8). The deeds from the respective chains of titles were marked as full exhibits (Exhibits 19 CT Page 10241 through 24). Additionally, the title searcher prepared, as an aid to the court, a summary of the various chains. (Exhibits 30, 31 and 32).
She testified that in her opinion, the Schroeders' parcel was encumbered by the existence of a right-of-way. In particular this was evidenced by the existence of a common owner for Lots 8.02, 8.01 and Lot 8. This parcel was purchased in 1965 by Scott Smith in Volume 34, p. 88. At the time he purchased the property in Volume 34, p. 88 in 1965, the property consisted of Lots 8, 8.01 and 8.02 now owned by Poulos, Schroeder and Murray respectively. When Scott Smith conveyed lots 8 and 8.01 in 1968, he retained lot 8.02 which is now owned by the plaintiffs Murray.
The deed reserves a right-of-way with the following language:
 The grantor reserves for himself, his heirs and assigns a right of way for all purposes over the existing right of way to the Cossaduck Hill Road for the benefit of his remaining land (Volume 36, Page 457).
There exist no specific metes and bounds for the specific right-of-way granted in the aforesaid deed. However, plaintiffs' Exhibit No. 1 (the tax assessor's map) Exhibits 15, 16, 17 and 18 were aerial photographs taken by the DEP in 1965, 1970, 1975 and 1980 respectively. Each one of these exhibits depicts the right-of-way as it goes across the Schroeders' property.
Sylvia Murray testified that she took certain aerial photographs in 1985 of the subject right-of-way. (Exhibits 13 and 14.) Both she and James Murray testified that the right-of-way has remained in the same condition since at least the time Mr. Murray acquired the property in 1977. Mr. Murray acquired Lot 3 in 1976 and has used the right-of-way to pass and repass with a variety of vehicles and modes of transportation from that time to the present. These modes of transportation have ranged from horseback to dump trucks. Mr. Murray testified that the blocking of the right-of-way has damaged his home occupation welding business. The topography of the site is such that there exists a steep incline between Jim Murray's house and his shop. Access to the shop via the disputed right-of-way is on much more level ground than access to the shop via Mr. Murray's home and his driveway.
Jack Mazerolle testified that he purchased the property in CT Page 10242 1987. Since the time he purchased the property, he has always utilized the right-of-way in question for access to his property. Mr. Mazerolle purchased the property from the Vanechs. They had advised him that they had always utilized the right-of-way for access to their property. Other than some forest roads which are closed to vehicular traffic and are hundreds of yards distant through dense forest from his home and over which no rights of passage exist, there exist no other access for Mr. Mazerolle. Mr. Mazerolle is a retired contractor who is in the process of building his home on the foundation of an earlier home. As a result of the actions of the Schroeders he has not been able to continue construction of his home in that contractors and subcontractors have been unable to access the premises with vehicles necessary to perform the remaining tasks on his home. Jack Mazerolle has no deeded rights to pass over the Murrays' property (Lot 3). Solely as an accommodation do the Murrays allow him to pass over their driveway on Lot 3.
Eleanor Johnson lives at 216 Cossaduck Hill Road. She testified that she purchased her property in 1947. A portion of her property lies between Mr. Murray's (Lot 3) and Mr. Mazerolle's (Lot 14). In fact, her property is traversed by the same right-of-way which is the subject matter of this litigation. She testified that periodically her children and others had utilized the right-of-way for purposes of removing timber from her property. She also testified that periodically her children and others had utilized the right-of-way for purposes of removing timber from her property.
She also testified about the existence of the right-of-way as it crosses the Schroeders' property as far back as the 1950's. She testified that the Schroeders' predecessor in title (Floyd Chesbro) had some daughters that would babysit for her children. As such, she would return the babysitters to their home in the evening. To that end, she had the opportunity to observe the right-of-way over forty years ago. She testified that the right-of-way is in the same position and in the same location at the current time as it was then. A map of Eleanor Johnson's property was introduced into evidence which depicts a right-of-way on the easterly portion of her property. She testified that this is the same right-of-way which traverses her property over Mr. Murray's lot (8.02) and over the Schroeders. She also testified that she had never noticed any use of the right-of-way prior to early October, 1995 at which time she sent correspondence to the Murrays. However, she also testified that within a short time after they purchased the property, Mr. Murray and Mr. Mazerolle CT Page 10243 came and advised them about the existence of the right-of-way. Additionally, on cross-examination, the zoning complaint which Sandra Schroeder had filed with the Town of North Stonington indicated that there had been trucks going in and out of her driveway since at least January of 1995.
Both Mr. and Mrs. Schroeder testified and a wealth of photographs support this, that they barricaded the right-of-way from September 1996 to the present with various materials including a car, construction debris and a wire cable. In addition to the aforementioned obstructions a trap was also dug on the right-of-way and covered with a thin piece of plywood (Exhibit 4). Mr. Murray testified that this plywood covering could break and injure this children on horseback or damage a vehicle proceeding over the right-of-way.
Mrs. Schroeder testified that she had reviewed the Assessor's map and was aware of the language in her deed (Volume 101, p. 548) which states:
 "Said premises are conveyed together with and subject to such rights of way or pentways as may be in existence, over, through and abutting the above described land . . ." (Exhibit 19.)
Notwithstanding this language in her deed, and her having reviewed the Town records all of which indicated a right-of-way she never took any action until they unilaterally decided that they should block the right-of-way.
David Schroeder testified that his job kept him out of the house a good portion of the time ans as such, he had little first-hand knowledge concerning the use or circumstances of the right-of-way.
The plaintiffs claim an easement by virtue of their deed and ownership of Lot 8.02. The court finds that there is a right-of-way in favor of their property. An easement may be created by deed.Stueck v. G.C. Murphy Co., 107 Conn, 656 (1928).
Regarding the claim of the plaintiff, Jack Mazerolle, the court finds that he is entitled to an order of easement by way of necessity. The court finds that his sole source of access to his property was by the right-of-way which is the subject of this action. There was no credible evidence of any other legal right-of-way for him to reach his property from Cossaduck Hill Road. CT Page 10244
The defendants filed a counterclaim for loss of certain trees and branches which were cut by Murray to clear the edges of the right-of-way so that they would not brush against his vehicles. The tree expert who testified indicated that the wood cut had no value as timber or cord wood. However, since the court finds that Murray had a valid right-of-way, judgment must enter for the plaintiff on the counterclaim.
Judgment shall enter for the plaintiffs. The court hereby orders that a decree enter quieting title in favor of the plaintiffs and permanently enjoining the defendants from interfering with this right-of-way.
D. Michael Hurley, Judge Trial Referee